UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:21CR551 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| EDWIN LEE ROBINSON, JR., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Edwin Lee Robinson, Jr.'s motion to withdraw his guilty plea. Doc. 30. The motion is DENIED.

"A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). In fact, "'[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" *Id*. (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). "A defendant may withdraw a guilty plea 'after the court accepts the plea, but before it imposes sentence if...the defendant can show a fair and just reason for requesting the withdrawal.'" *Ellis*, 470 F.3d at 280 (quoting Fed.R.Crim.P. 11(d)(2)(B)). To determine whether the Defendant

has met this burden, the Court considers a number of factors, including:

>(1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
>(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
>(3) whether the defendant has asserted or maintained his innocence;
>
>(4) the circumstances underlying the entry of the guilty plea;
>
>(5) the defendant's nature and background;
>
>(6) the degree to which the defendant has had prior experience with the criminal justice system; and
>
>(7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (superseded on other grounds by U.S.S.G. § 3B1.1). "The factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 2015, 2017 (6th Cir. 1996).

The rule regarding the withdrawal of guilty pleas is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quotation and citation omitted). "[I]t is well settled that the movant has the burden of establishing that his presentence motion to withdraw his plea should be granted." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987).

In the instant matter, Robinson contends as follows:

> Mr. Robinson asserts that he did not understand the plea agreement's provisions which do not permit him to challenge the firearms counts. Mr. Robinson also asserts that he did not understand at the time of the plea the consecutive nature of the violation of 18 U.S.C. §924(c)(1), now states that he wants to challenge that count in the Indictment. Mr. Robinson makes these assertions prior to sentencing and

> submits that he did not enter a knowing plea of guilt, despite representations to the contrary made by Mr. Robinson at the change of plea hearing.

Doc. 30 at 4. In other words, Robinson makes these arguments despite a clear record to the contrary in his change of plea hearing.

> For example, during his change of plea hearing, the Court informed Robinson as follows:
>
> And then, finally, Count 28 is possessing a firearm in furtherance of a drug trafficking crime. The maximum term of imprisonment for this offense is life. The minimum term is 60 months consecutive to any other time I'm required to impose. And the maximum fine is $250,000. And then there is a maximum period of supervised release, once again, is life.
>
> Do you understand those are the penalties for Count 28?

Doc. 36 at 8. Robinson responded, "Yes, sir." The Court also described the potential sentencing range that Robinson would face:

> If indeed this is the accurate calculation, then the advisory guidelines would be 100 to 125 months for the drug-related offenses, and then another 60 months consecutive for the firearm, possessing the firearm as part of your drug trafficking activity.
>
> Do you understand those things?

Doc. 36 at 12. Robinson again responded, "Yes, sir."

> With respect to the *Bashara* factors set forth above, the Court notes as follows. Robinson waited more than 3 months to attempt to withdraw his plea. Unsurprisingly, his motion was filed shortly after the first disclosure of his presentence report wherein his sentencing range was detailed in writing. Robinson has not maintained his innocence throughout the proceedings, nor is there any indication, as seen above, that he has a valid reason to withdraw his plea. Robinson also has a lengthy criminal history resulting in extensive experience with the criminal justice system.
>
> Based upon the above, the record refutes any assertion that Robinson was unclear

surrounding the crimes he was pleading guilty to and/or the punishment he would face. Robinson's motion presents as a clear case of buyer's remorse and offers no legal or factual basis that would support granting his request to withdraw his plea. His motion, therefore, lacks merit.

As demonstrated above, none of the *Bashara* factors weigh in favor of granting Robinson's motion. Instead, the factors weigh heavily in favor of denial of the motion. Accordingly, Robinson's motion to withdraw his guilty plea is DENIED.

IT IS SO ORDERED.

April 19, 2022                             /s/ John R. Adams
Date                                       Judge John R. Adams
                                           United States District Court