# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:21-cr-00551 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| EDWIN LEE ROBINSON, JR., ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | (Resolving Docs. 94, 96) |
| ) | |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 94) and the duplicate *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 96) (collectively, the "Motion") filed by Defendant Edwin Robinson, Jr. ("Robinson"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 104).

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Robinson with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One), eight counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C) and 18 U.S.C. § 2 (Counts Two – Nine), felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 26), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 28). Doc. 10. Robinson pled guilty as to all counts pursuant to a plea agreement. Doc. 25.

1

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSR"). Doc. 62. The PSR indicated Robinson had a total offense level of 27 and a criminal history category of VI, therefore the advisory guideline range was 130–162 months. PSR at p. 19, ¶ 78. The Court ultimately sentenced Robinson to a term of 135 months' imprisonment total as to Counts 1, 2–9, and 26, with a consecutive 60 months' as to Count 28. Doc. 68.

After Robinson's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his total sentence to 185 months.

II.  **LAW AND ANALYSIS**

   A. **Legal Standard**

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The alleged lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825").

The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7. If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107.

**B. Analysis**

Robinson asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered. Doc. 94 at p. 1. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Robinson's total criminal history points were represented as 13. Eleven (11) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a)-(c). PSR at pp. 12–14, ¶¶ 50–55. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Robinson was on probation for state drug trafficking charges. PSR at p. 14, ¶¶ 55, 57. Robinson now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one additional criminal history point due to the offenses taking place while he was on probation, therefore his total criminal history points would be 12 under the new calculation. Doc. 94 at p. 5.

However, the Court finds that Amendment 821 does not affect Robinson's criminal history computation, and he is therefore not eligible for consideration of a sentence reduction. At sentencing, the Court applied a criminal history score of 13, pursuant to the PSR. But in response to the Motion, the Government properly highlights that the PSR miscalculated Robinson's criminal history points. Doc. 104 at p. 2. Had the calculation been correct, Robinson would have received

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

12 criminal history points due to prior convictions pursuant to U.S.S.G. §§ 4A1.1(a)-(c). PSR at pp. 12–14, ¶¶ 50–55. Then, he would have received two additional points, for a total 14 points, due to the offenses taking place while he was on probation, pursuant to the then-current § 4A1.1(d). This miscalculation was not prejudicial at the time of sentencing because it did not change Robinson's criminal history category, which would have been VI under either version of the calculation. However, if calculated correctly and then reduced appropriately under Amendment 821, today Robinson would have a total 13 criminal history points (12 for prior convictions and one additional for committing the offenses while on probation). Correctly calculated, Robinson would remain in criminal history category VI with an advisory range of 130–162 months. The proper calculation does not result in a subsequently lowered guideline range, and Robinson is therefore ineligible for a sentence reduction. *See* 18 U.S.C. Appx § 1B1.10(a)(1).

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 94) is DENIED.

Date:  December 16, 2025                          */s/ John R. Adams*
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE